CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 04 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRYAN F. TURMAN, | ) |
| | ) Civil Action No. 7:13CV00221 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Bryan F. Turman, was born on November 3, 1970, and eventually completed his high school education. According to the vocational expert who testified at the administrative hearing, plaintiff has been employed as an optical assembly line worker, janitor, press operator, pizza cook, and furniture factory cutter. Mr. Turman last worked on a regular and sustained basis in 2009. On September 14, 2009, Mr. Turman filed an application for a period of disability and disability insurance benefits. The plaintiff alleged that he became disabled for all forms of substantial gainful employment

on September 10, 2009, due to a back injury. Mr. Turman now maintains that he has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mr. Turman's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 14, 2011, the Law Judge also determined that Mr. Turman is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including hypertension; status post compression fracture of the thoracic spine; obesity; very mild adjustment disorder with depressed mood; and pain disorder associated with psychological factors and a general medical condition. Because of these impairments, the Law Judge ruled that Mr. Turman is disabled for all of his past relevant work roles. However, the Law Judge determined that plaintiff retains sufficient functional capacity for sedentary work activity. The Law Judge noted that plaintiff's physical incapacity for kneeling, crawling, and climbing; his inability to stoop or crouch more than occasionally; and his inability to tolerate exposure to heights and hazards, slightly limit the range of sedentary work for which he is otherwise physically capable. (TR 32). The Law Judge relied on the testimony of a vocational expert in concluding that such physical restrictions do not significantly erode the sedentary, unskilled occupational base. (TR 32). Finally, the Law Judge stated that "claimant's mental limitations do not significantly erode the occupational job base." (TR 32). Having determined that plaintiff's physical and mental problems do not significantly restrict the range of sedentary work activity for which he is capable, the Law Judge applied the medical vocational guidelines so as to conclude that Mr. Turman retains sufficient functional capacity to perform several specific sedentary work roles existing in

2

significant number in the national economy. See generally, 20 C.F.R. § 404.1569, and Rule 201.28 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Mr. Turman is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1569(a). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Turman has not appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. While the Law Judge's opinion is certainly not a paradigm for claims adjudication, the court believes that the Law Judge's critical findings are supported by the evidence in Mr. Turman's case. Recognizing that Mr. Turman's pain doctor would not offer an opinion as to residual functional limitations, plaintiff's attorney at the administrative hearing requested that the Law Judge refer Mr. Turman for a consultative evaluation. (TR 43-44). The Law Judge agreed to refer Mr. Turman to Dr. William H. Humphries, Jr., an emergency medicine specialist, and Dr. Jeffrey P. Luckett, a psychologist. Dr. Humphries examined

3

Mr. Turman on October 20, 2011, and produced a report, diagnosing hypertension and history of compression fracture of the thoracic spine. Dr. Humphries also completed a medical assessment of plaintiff's physical ability for work-related activities. Dr. Humphries' assessment indicates residual functional capacity for sedentary exertion, with the additional restrictions ultimately cited by the Administrative Law Judge in his opinion. The psychologist, Dr. Luckett, conducted a clinical interview on October 25, 2011. Dr. Luckett diagnosed pain disorder associated with psychological factors and general medical condition, and a very mild adjustment disorder with depressed mood. Dr. Luckett specifically opined that plaintiff would be capable of working on a regular and sustained basis. (TR 447). Dr. Luckett also completed a medical assessment of plaintiff's mental ability for work-related activities. Once again, the psychologist noted no more than very mild impairment as to specific, work-related emotional components.

The court believes that the Administrative Law Judge reasonably relied on the report of Dr. Humphries in adjudicating plaintiff's claim. The Commissioner also relies on the fact that despite multiple office visits, plaintiff's treating physician has not suggested that Mr. Turman is disabled for work activity. The court also believes that the Law Judge reasonably relied on the testimony of the vocational expert in concluding that the physical limitations identified by Dr. Humphries do not significantly compromise plaintiff's ability to perform sedentary work activity.

The Law Judge's treatment of Dr. Luckett's report is more problematic. Despite finding that Mr. Turman experiences severe emotional impairments, the Law Judge ultimately determined that plaintiff's emotional limitations are not so severe as to prevent performance of the sedentary work activities for which he is otherwise physically capable. The court considers the Law Judge's treatment of the nonexertional factors to be at odds with the provisions of 20 C.F.R. § 404.1521, which provides

4

that, by definition, a severe impairment is one which significantly limits the ability to do basic work activities. However, the court must ultimately conclude that the Law Judge's denial of benefits is consistent with Dr. Luckett's opinion. Clearly, Dr. Luckett stated that Mr. Turman's emotional problems are no more than mild, and that plaintiff should be capable of working on a regular and sustained basis.[1] While the court may not subscribe to the Law Judge's claims adjudication methodology, the court believes that the evidence fully supports the decision that Mr. Turman is not disabled for specific, sedentary work roles existing in significant number in the national economy. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, plaintiff raises a number of issues with the treatment of his case, all of which have arguable merit. Plaintiff maintains that the Law Judge erred in relying on Dr. Luckett's psychological report. In his report, Dr. Luckett questions the accuracy of the results of certain of the psychological tests performed as part of his clinical examination of Mr. Turman. (TR 444-45). Plaintiff argues that such concerns should have alerted the Law Judge as to the necessity to contact Dr. Luckett for further clarification as to whether the psychological diagnoses and assessment are valid. However, the court finds no need for remand of this case for further input from Dr. Luckett. Dr. Luckett is a trained, clinical psychologist. There is every reason to believe that he would have considered the testing concerns in evaluating plaintiff's case. Dr. Luckett apparently had no reservations in characterizing Mr. Turman's emotional limitations as mild in overall impact. Once again, the court believes that the Law Judge reasonably relied on Dr. Luckett's report in adjudicating plaintiff's claim.

---

[1] Stated differently, in light of Dr. Luckett's report, the court believes that the Law Judge erred in finding "severe" emotional impairments.

5

Plaintiff also maintains that the Law Judge improperly evaluated his testimony, especially his complaints of pain, and improperly assessed his credibility. Without question, Mr. Turman's testimony at the administrative hearing suggests that he is now unable to do any work on a regular and sustained basis. However, in terms of plaintiff's subjective complaints, it must be recognized that, in order for pain to be deemed disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, the court must conclude that plaintiff's evidence falls short in establishing the existence of a condition which could reasonably cause the level of discomfort described by Mr. Turman in his testimony. Once again, it must be noted that the pain specialist who has regularly treated Mr. Turman has not suggested that plaintiff experiences a total disabling level of subjective discomfort. More to the point, the court considers the report of Dr. Humphries, who was commissioned to conduct a consultative examination at plaintiff's behest, to be inconsistent with the notion that plaintiff's physical problems produce pain which is so severe as to prevent all work activity. Indeed, Dr. Humphries specifically noted that plaintiff's range of motion was not impaired or limited. (TR 431). In short, the court believes that, in assessing plaintiff's residual functional capacity, the Law Judge reasonably considered Mr. Turman's level of subjective discomfort.

In affirming the final decision of the Commissioner, the court does not suggest that Mr. Turman is free of all pain, discomfort, weakness, and physical restriction. Indeed, the medical record confirms that plaintiff suffers from residuals of compression fracture of the thoracic spine, as well as other musculoskeletal difficulties, which can be expected to result in many subjective complaints. However, it must again be noted that no doctor has suggested that plaintiff's physical problems are so severe as

6

to result in totally disabling subjective manifestations. It is well settled that the inability to do work without any discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra, 594-95. It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 4th day of September, 2014.

/s/ Glen Conrad

Chief United States District Judge